**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER SINGH, | No. 16-72470 |
| Petitioner, | Agency No. A205-941-799 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2022[**]
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Jaswinder Singh, a native and citizen of India, petitions for review of a

Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's

(IJ) denial of his application for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). We have jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We deny the petition.

1.  Substantial evidence supports the agency's adverse credibility finding. The agency provided specific and cogent reasons for its adverse credibility determination.  *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).  Singh's confusion over whether he had received multiple death threats, followed by his "sudden" recollection of such threats after repeated inquiries on cross-examination, supports the IJ's finding that Singh was not credible.  *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (noting that a petitioner's "inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination").  In addition, Singh's inability to plausibly explain why, contrary to his testimony that he had adhered to certain tenets of Sikhism his whole life, he appeared clean-shaven, with short hair, and without a turban in his 2012 passport photo supports the adverse credibility determination.

2.  The BIA properly concluded that, absent Singh's "credible testimony or persuasive corroboration," the remaining evidence in the record was insufficient to compel a finding of past persecution or a well-founded fear of future persecution on a protected ground.

3. Substantial evidence also supports the BIA's denial of CAT relief. Without more, "generalized evidence of violence . . . is insufficient" to establish eligibility for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Further, relations between the Congress Party and the Mann Party, of which Singh is a member, as well as the status of the Sikh community within India, have reportedly improved significantly since Singh left India. Thus, the record does not compel the conclusion that Singh would more likely than not be tortured following his removal to India.

**PETITION DENIED.**